IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NANCY GAIL THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-0794-CV-W-ODS |
| ) | |
| MARSHALL PUBLIC SCHOOLS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

<u>ORDER AND OPINION GRANTING IN PART AND DEFERRING JUDGMENT IN PART
ON DEFENDANTS' MOTION TO DISMISS</u>

Pending is Defendants' Motion to Dismiss. (Doc. # 11). The Court grants the Motion in part and defers judgment in part pending a hearing.

I. <u>Background</u>

On September 10, 2014, Plaintiff Nancy Gail Thompson ("Plaintiff") filed a Complaint against Defendants Marshall Public Schools, Board of Education of Marshall Public Schools, and Unknown and Unnamed Defendants 1 through 10 ("Defendants") asserting claims under Title VII and the Age Discrimination in Employment Act ("ADEA"). Plaintiff's claims are based on Defendants' allegedly discriminatory refusal to hire Plaintiff due to her age.

II. <u>Standard</u>

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in

the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

### III. Discussion

A plaintiff must timely file a charge with the Equal Employment Opportunity Commission ("EEOC") in order to bring suit in federal court for both ADEA and Title VII claims. *Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 825 (8th Cir. 2009). A plaintiff must file an EEOC charge within 300 days of the "alleged unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1).[1] A refusal to hire is a discrete act, not a continuing violation. *Woodland v. Joseph T. Ryerson & Son, Inc.*, 302 F.3d 839, 842 (8th Cir. 2002). When a discrete act occurs, the start of the 300-day limitations period begins. *Hutson*, 578 F.3d at 826. However, the timely filing of an EEOC charge is not a jurisdictional requirement to bring suit in federal court; rather it is a condition precedent which "is subject to waiver, estoppel and equitable tolling." *Lawrence v. Cooper Communities,*

---

[1] Defendants assert, and Plaintiff does not refute, that Plaintiff filed her charge with the Missouri Commission on Human Rights. Consequently, the standard 180-day time limit within which a plaintiff normally would have to file an EEOC charge is extended to 300 days. 42 U.S.C. § 2000e-5(e)(1).

2

*Inc.*, 132 F.3d 447, 451 (8th Cir. 1998). The equitable tolling doctrine can apply when the EEOC has misled a plaintiff as to the requirements for filing a charge. *Id.*

Here, Plaintiff claims Defendants refused to hire her because of her age on two occasions – in the spring of 2011 and the spring of 2013. In Plaintiff's response to Defendants' Motion to Dismiss, she claims for the first time that she relied on misinformation the EEOC provided about when she should file her EEOC charge .

### A. Spring 2011 Incident

Plaintiff maintains that in the summer of 2011, she and her husband contacted an attorney about the events that occurred in spring of 2011. Plaintiff's Response, page 4. Plaintiff asserts they did not retain the attorney, but the attorney instructed them that to begin legal proceedings they first had to contact the EEOC office. *Id.* Plaintiff claims her husband called the EEOC office in the summer of 2011 and that the EEOC told her husband that she had to file her EEOC charge by May 2012. Id. at 4-5. Plaintiff did not file an EEOC charge until May 20, 2014. Plaintiff's Complaint, ¶ 35.

Assuming that equitable tolling applies, any claims regarding the spring 2011 incident are time-barred. At best, the filing requirement would be tolled until May 2012 – the deadline the EEOC allegedly mistakenly provided Plaintiff. Thus, her charge was not timely filed even if she was operating under the mistaken belief that the deadline for filing the charge was in May 2012. Thus, to the extent Plaintiff asserts claims under Title VII and the ADEA regarding the spring 2011 incident, those claims are dismissed.

### B. Spring 2013 Incident

Plaintiff argues that after hearing the EEOC's mistaken information regarding the spring 2011 incident, she believed she had over a year to file an administrative charge. Relying on this misinformation, she believed her May 20, 2014, filing was timely. The Court cannot determine at this time whether equitable tolling is applicable to the claims asserted based on the alleged 2013 incident. Accordingly, the Court orders a hearing to be held to determine these issues. In particular, the Court will receive evidence bearing on the issue of whether Plaintiff received incorrect information from the EEOC, and what effect (if any) that misinformation had on her decision to file an administrative charge.

3

Additionally, the Court will receive evidence bearing on when Plaintiff consulted counsel with respect to the spring 2013 incident.

IV. <u>Conclusion</u>

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss in part and defers judgment in part. A hearing will be at 9 a.m. on March 12, 2015.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 25, 2015              UNITED STATES DISTRICT COURT