IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NANCY GAIL THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-0794-CV-W-ODS |
| ) | |
| MARSHALL PUBLIC SCHOOLS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS

On September 10, 2014, Plaintiff Nancy Gail Thompson ("Plaintiff") filed a Complaint against Defendants Marshall Public Schools, Board of Education of Marshall Public Schools, and Unknown and Unnamed Defendants 1 through 10 ("Defendants") asserting claims under Title VII and the Age Discrimination in Employment Act ("ADEA"). Plaintiff's claims are based on two incidents: Defendants' alleged discriminatory refusal to hire Plaintiff in Spring 2011 and again in Spring 2013. In its February 25, 2015 Order, the Court granted in part and deferred judgment in part on Defendants' Motion to Dismiss. Doc. # 25. Therein, the Court dismissed Plaintiff's claims related to the Spring 2011 incident because she had not timely filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and the Court deferred judgment on the Spring 2013 incident.

On June 17, 2015, the Court held an evidentiary hearing regarding whether Plaintiff received incorrect information from the EEOC, and what effect (if any) that alleged misinformation had on her decision to file an administrative charge with respect to the Spring 2013 incident.

### LEGAL STANDARD

Defendants initially presented their arguments to the Court as a Motion to Dismiss. Because the parties and the Court relied on materials outside of the pleadings, the Court must treat Defendants' Motion as one for summary judgment.

*Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992). A moving party is entitled to summary judgment on a claim when "no genuine issue as to any material fact exists and…the moving party is entitled to judgment as a matter of law." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 834 (8th Cir. 2002). The Court construes "factual record and all reasonable inferences from the record in the light most favorable to the party opposing summary judgment." *Id.* at 834-35.

A plaintiff must timely file a charge with the EEOC in order to bring suit in federal court for both ADEA and Title VII claims. *Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 825 (8th Cir. 2009). A plaintiff must file an EEOC charge within 300 days of the "alleged unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1). A refusal to hire is a discrete act, not a continuing violation. *Woodland v. Joseph T. Ryerson & Son, Inc.*, 302 F.3d 839, 842 (8th Cir. 2002). When a discrete act occurs, the 300 day limitations period begins. *Hutson*, 578 F.3d at 826. However, the timely filing of an EEOC charge is not a jurisdictional requirement to bring suit in federal court; rather it is a condition precedent which "is subject to waiver, estoppel and equitable tolling." *Lawrence v. Cooper Communities, Inc.*, 132 F.3d 447, 451 (8th Cir. 1998). The equitable tolling doctrine can apply when the EEOC has misled a plaintiff as to the requirements for filing a charge. *Id.* "The plaintiff has the burden to provide justification for equitable tolling." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011); *see also Bost v. Federal Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004).

## FACTUAL BACKGROUND

In Spring 2011, Plaintiff applied for a teaching position with Defendants. Later, Defendants informed Plaintiff that she was not selected for the teaching position. At that time, Plaintiff believed Defendants' decision to not hire her was improper. Plaintiff did not meet or speak with an attorney in the Spring or Summer of 2011 to determine what her rights and remedies were with respect to the Defendants' refusal to hire her.

Plaintiff's husband, however, called an unknown attorney in the Spring or Summer of 2011. The attorney informed Plaintiff's husband that his wife needed a Right to Sue letter from the EEOC before proceeding with an attorney. On August 25, 2011, Plaintiff's husband called a "1-800" number for the EEOC to determine what his

2

Case 4:14-cv-00794-ODS   Document 35   Filed 06/19/15   Page 2 of 4

wife's next steps should be.  The EEOC informed Plaintiff's husband that he had 300 days to file a charge with the EEOC.  Plaintiff's husband interpreted this information to mean that Plaintiff had until the end of May 2012 to file a charge with the EEOC.  Plaintiff did not file a charge with the EEOC regarding the Spring 2011 incident by the end of May 2012.

In Spring 2013, the same teaching position with Defendants opened up, and Plaintiff again applied for it.  In early May 2013, Plaintiff received a form letter that she had not been selected for the teaching position.  Plaintiff believed Defendants' decision to not hire her was improper.  Based on her husband's interpretation of the 2011 conversation he had with the EEOC two years prior, Plaintiff believed she had until the end of May 2014 to file a charge with the EEOC.  In May 2014, Plaintiff visited the EEOC office located in Kansas City, Missouri, and filed a charge of discrimination against Defendants.

DISCUSSION

While the Court finds Plaintiff and Plaintiff's husband testified honestly, Plaintiff has failed to demonstrate that she diligently pursued her claim.  The Court cannot apply equitable estoppel due to a conversation that happened several years ago and that was filtered through Plaintiff's husband's interpretation and recollection of that conversation.  Plaintiff took very few actions on her own to seek out her rights and remedies following the Spring 2013 incident.  Notably, Plaintiff did not confirm the accuracy of her husband's several-year-old interpretation.

Plaintiff has failed to satisfy her burden that equitable estoppel should be applied.  Plaintiff's husband testified that in 2011 the EEOC informed him Plaintiff had 300 days to file a charge with the EEOC and that meant he had until the end of May to do so.  However, the end-of-May deadline was Plaintiff's husband's interpretation of the information he received.  Plaintiff did not present any evidence demonstrating how the EEOC calculated the end-of-May deadline.  Plaintiff did not present any evidence demonstrating that Plaintiff's husband provided the EEOC with the proper information to calculate an accurate deadline.  It is possible Plaintiff's husband told the EEOC that the last alleged discriminatory action occurred in late July 2011 (Plaintiff's Exhibit #2,

3

Enclosure #2), and thus, based on that information, the EEOC provided an accurate end-of-May deadline.

In *Dorsey v. Pinnacle Automation Co.*, the Eighth Circuit declined to apply equitable tolling when the plaintiffs did not timely file charges of discrimination with the EEOC. 278 F.3d 830 (8th Cir. 2002). In that case, the plaintiffs, all over the age of 40, claimed defendants violated the ADEA by consistently promoting individuals under the age 40 who had less seniority to the position of "leadperson". *Id*. at 834. Plaintiffs specifically challenged the promotions of seven individuals under the age of 40. *Id*. Some of these promotions occurred before December 5, 1997, but plaintiffs did not file their charges of discrimination with the EEOC until October 1, 1998. *Id*. at 835. The Eighth Circuit found that the date of promotion triggered the 300 day filing requirement. *Id*. Plaintiffs argued equitable tolling should apply to the 300 day filing requirement because they were not aware of the promotions when they occurred. *Id*. However, Plaintiffs also stated in affidavits that they were aware of rumors that younger individuals had been promoted. *Id*. The Eighth Circuit held, "[i]f Appellants had suspicions they should have exercised due diligence, in which case they would have easily confirmed the promotions." *Id*.

Likewise, even if the EEOC incorrectly told Plaintiff's husband that Plaintiff had until the end of May to file a charge, the EEOC also correctly told Plaintiff's husband that Plaintiff had 300 days from the adverse decision to file a charge. Plaintiff and her husband did nothing to reconcile this discrepancy. Accordingly, Plaintiff's claims under Title VII and the ADEA regarding the Spring 2013 incident are dismissed because Plaintiff did not timely file an administrative charge.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss. Doc. #11.

IT IS SO ORDERED.

DATE: June 19, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

4